IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFRED BAACK, : | |
|     Plaintiff, : | |
| : | |
|     v. : | Civ. No. 14-875 |
| : | |
| MARIA RODGERS, et al., : | |
|     Defendants. : | |
| : | |

**Diamond, J.**                                                                                                                            **September 17, 2014**

**MEMORANDUM**

In late 2011, Abington Township authorities charged Plaintiff, Alfred Baack—a recent patient at Holy Redeemer Hospital—with impersonating a public servant to Hospital staff. 18 Pa. Cons. Stat. Ann. § 4912. After the charge was dismissed, Plaintiff brought the instant civil rights suit, alleging that Hospital and Township employees had fabricated the charge as part of a "vendetta" against him for seeking to expose "human sex trafficking" in Abington. Because the record supports none of Plaintiff's fanciful allegations, I will grant summary judgment in Defendants' favor.

    **I.**         **PROCEDURAL BACKGROUND**

Plaintiff originally brought civil rights and state law claims against the Hospital, its receptionist Maria Rodgers, its Security Director Anthony Heiser, Abington Township, Detective Sergeant Gregory Urban, and Police Chief William Kelly for false arrest, selective enforcement, malicious prosecution, and municipal liability. 42 U.S.C. § 1983; Monell v. Dept. of Soc. Servs. of New York, 436 U.S. 658 (1978); (Compl. ¶¶ 26-42.) He brought a negligence claim against the Hospital Defendants only. (Compl. ¶¶ 43-44.) Defendants have moved for summary judgment on all claims. (Doc. Nos. 25, 27.) In response, Plaintiff has withdrawn his selective enforcement and Monell claims, but otherwise opposes summary judgment. (Doc. No. 33.)

## II.  FACTUAL BACKGROUND

In considering Defendants' Motions, I have resolved all disputed facts and made all reasonable inferences in Plaintiff's favor.

On November 7, 2011, Plaintiff was admitted to the Hospital for emergency gallbladder surgery.  (Baack Dep. 11.)  After being released two days later, he returned to the Hospital for outpatient treatment throughout the following week.  (Id. at 12-14)  During his visits, Plaintiff spoke with Security Director Heiser about employment opportunities at the Hospital.  (Id. at 14, 17; Compl. ¶¶ 13-15.)

On November 14, Rogers questioned Plaintiff about why he was in the Hospital.  (Baack Dep. at 15.)  Plaintiff testified that he identified himself as a patient and showed Rodgers a Hospital-issued wristband.  (Id.)  Rodgers testified, however, that Plaintiff said he was a police officer and flashed a Department of Defense Police patch.  (Dep. Rogers at 11.)  Rodgers was skeptical of Plaintiff's claim because the patch—unlike a police badge—was plastic, not metal.  (Id. at 11-12.)

Rodgers reported this incident to Heiser, who then investigated Plaintiff's visits to the Hospital.  (Heiser Dep. 27.)  Heiser discovered that Plaintiff had represented himself as a police officer to Hospital security guard Alfred Drechsel and as a doctor to security guard Brian McQuillan.  (Id. at 13-16, 27-29.)  Because Plaintiff's behavior made Heiser "uncomfortable," he filed a report with the Abington Township Police Department.  (Id. at 32-43.)

Township Detective Sergeant Urban interviewed Heiser and Rodgers as part of his investigation.  (Urban Dep. at 7-10.)  He also visited Plaintiff's home, asking to see the patch that Rogers said Plaintiff had displayed.  (Baack Dep. 30-35.)  Plaintiff showed him the DOD Police patch, but denied representing himself as a police officer.  (Id. at 69-70.)

2

When Sergeant Urban completed his investigation, he received approval from the Montgomery County District Attorney's Office to charge Plaintiff with one count of impersonating a public servant. (Urban Dep. at 16.)

The Sergeant prepared an arrest warrant, including a supporting affidavit that provided:

On November 14th at approximately 1600 hours, Alfred Baack entered the Holy Redeemer Hospital, located at 1648 Huntingdon [Pike] in the Meadowbrook section of Abington Township Montgomery County, Baack spoke to the security person at the front desk and asked the security person if the Director of Security was available. During the conversation, Baack stated to the security person that he was a Police Officer. Baack was then asked if he would show his identification. Baack then produced a wallet that opened up and had a Department of Defense Police patch inside. The security person then asked where his badge was, Baack replied he forgot it. As the conversation continued Baack again identified himself as a Police Investigator. After Baack was unable to meet the Security Director, he then left the lobby area of the [H]ospital.

On November 17th, 2011, I went to Alfred Baack's home in an attempt to speak with him about the incident. In my conversation with Baack he stated that he was not a Police Officer and worked for the DOD Police many years ago. Baack also showed me his wallet and it did contain a Department of Defense Police patch.

Believing the above is correct and true, I request that Alfred Baack be charged with violating the PA Crimes Code section 4912.

(Doc. No. 26, Ex. J.) Based on the affidavit, a district justice issued a summons for Plaintiff to appear at a hearing for violating § 4912. (Baack Dep. at 38.)

Plaintiff drove himself to court and was released on his own recognizance without posting bail; he was not ordered to surrender his firearms or report to pretrial services. (Id. at 39-41.) Aside from being fingerprinted and photographed by the police, Plaintiff was not subject to any restrictions on his freedom, movement, or possessions. (Id. at 39-42.) The charge was dropped in April 2012 when, in a state habeas corpus proceeding, the judge noted that he did not condone Plaintiff's conduct, but found that the prosecution did not make out a *prima facie* case. (Doc. No. 29, Ex. A.)

Plaintiff alleges that the Abington Defendants brought the charge as a part of a "vendetta" against him, stemming from his unsuccessful attempts to alert the police to "human sex trafficking" in Abington Township.  (Compl. ¶¶ 11, 25.)  Plaintiff testified that his "attempts" consisted of informally discussing "many years" ago the sex trafficking allegations with a member of the District Attorney's Office and a detective. (Baack Dep. at 100-04.)  Plaintiff does not explain how or why these attempts gave rise to a "vendetta."  Moreover, there is no evidence that Sergeant Urban knew anything about Plaintiff's attempts or the resulting "vendetta" until after Plaintiff brought this case. (Urban Dep. at 22-24.)

### III.  STANDARDS

I may grant summary judgment "if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party must initially show the absence of any genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  An issue is material only if it could affect the result of the suit under governing law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  I "must view the facts in the light most favorable to the non-moving party," and make every reasonable inference in that party's favor.  Hugh v. Butler Cnty. Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005).  If I then determine that there is no genuine issue of material fact, summary judgment is appropriate.  Celotex, 477 U.S. at 322.

Summary judgment is appropriate where the moving party shows that there is an absence of evidence to support the nonmoving party's case.  Id. at 325.  Where a moving party identifies an absence of necessary evidence, the non-moving party "must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument."  Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006).

## IV. DISCUSSION

All Defendants argue that Plaintiff's claims fail as a matter of law. The Abington Defendants also argue that they are entitled to qualified immunity. Because I agree that the record supports none of Plaintiff's claims, I will not address the immunity question. See Henry v. City of Erie, 728 F.3d 275, 281 (3d Cir. 2013) (concluding defendants did not violate a constitutional right, court declined to address "whether the right was clearly established").

### a. Section 1983 False Arrest Claim

Plaintiff alleges that Defendants violated his Fourth Amendment rights when they "falsely arrested" him. (Compl. ¶ 30.) The record does not support this claim.

*Hospital Defendants*

Plaintiff has not shown that the Hospital Defendants are state actors. See Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) ("[A] plaintiff seeking to hold an individual liable under § 1983 must establish that she was deprived of a federal constitutional or statutory right by a state actor."). Without any supporting evidence, Plaintiff argues that the Hospital Defendants "initiated [the] criminal prosecution in symbiosis" with the police. (Doc. No. 33 at 12.) A belief in "symbiosis" is not evidence and will not defeat summary judgment. See Berckeley, 455 F.3d at 201.

Moreover, the record shows that Rodgers and Heiser simply answered Sergeant Urban's questions about Plaintiff, and left the criminal investigation to the police. (Urban Dep. at 7-10; Heiser Dep. at 43; Doc. No. 26, Ex. I.) Plaintiff's claim thus fails because reporting suspicious conduct to the police—or answering police questions about that conduct—without more, does not transform the Hospital Defendants into state actors. See Bailey v. Harleysville Nat'l Bank & Trust, 188 F. App'x 66, 68 (3d Cir. 2006) ("[I]n the absence of a conspiracy with the police to

violate constitutional rights, a business's summons of a police officer to deal with a possible disturbance, does not make it a state actor."); Cooper v. Muldoon, No. 05-4780, 2006 WL 1117870, at *2 (E.D. Pa. Apr. 26, 2006) ("Merely calling the police [or] furnishing information to the police . . . does not . . . transform a private entity into a state actor."); Caswell v. BJ's Wholesale Co., 5 F. Supp. 2d 312, 318-19 (E.D. Pa. 1998) (merchant who reported crime to police not a state actor).

Plaintiff also argues that the Hospital Defendants are state actors because the Hospital provides security services. Private security guards who lack statutory police power, however, are not state actors. Compare Marinari v. Trump Plaza Hotel & Casino, No. 12-132, 2012 WL 2087735, at *4 (D.N.J. June 8, 2012) ("[W]here state or municipal police power is not involved, the actions of a security guard are not attributed to the State." (citing Wade v. Byles, 83 F.3d 902, 905-06 (7th Cir. 1996) (privately employed security guard working in a public housing project is not a state actor because he is not "statutorily entrusted" with state police powers))), with Fleck v. Trs. of Univ. of Pa., 995 F. Supp. 2d 390, 402 (E.D. Pa. 2014) (University of Pennsylvania Police Department is a state actor because state law "endows [the department] with the plenary authority of a municipal police department in the patrol-zone territory, once the 'exclusive prerogative' of the City of Philadelphia").

I will thus dismiss Plaintiff's § 1983 claim against the Hospital Defendants.

*Abington Defendants*

The record does not support Plaintiff's allegations that the Abington Defendants violated his Fourth Amendment rights. The issuance of a summons, police fingerprinting and photographing, and attendance at pretrial hearings do not constitute a Fourth Amendment "seizure." See Laufgas v. Patterson, 206 F. App'x 196, 198 (3d Cir. 2006) (no seizure where the

only restriction was required attendance at pretrial hearings); DiBella v. Borough of Beachwood, 407 F.3d 599, 603 (3d Cir. 2005) (no seizure where plaintiffs "were only issued a summons; . . . were never arrested; . . . never posted bail; . . . were free to travel; and . . . did not have to report to Pretrial Services"); Colbert v. Angstadt, 169 F. Supp. 2d 352, 356 (E.D. Pa. 2001) (no seizure where plaintiff received a summons in the mail and was required to appear in court); Bristow v. Clevenger, 80 F. Supp. 2d 421, 429-30 (M.D. Pa. 2000) (no seizure where plaintiff was fingerprinted and photographed by police and required to attend a pretrial conference).

Even if I assume, *arguendo*, that the Abington Defendants "seized" Plaintiff, there was no Fourth Amendment violation because the seizure was supported by probable cause. Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788 (3d Cir. 2000) (a seizure supported by probable cause does not violate the Fourth Amendment). Probable cause exists if "at the moment the arrest was made . . . the facts and circumstances within [the defendant's] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the plaintiff had violated the law." Id. at 789 (citations omitted). I may conclude "that probable cause exists as a matter of law if the evidence, viewed most favorably to Plaintiff, reasonably would not support a contrary factual finding." Id. at 788-89 (citations omitted).

Section 4912 provides:

> A person commits a misdemeanor of the second degree if he falsely pretends to hold a position in the public service with intent to induce another to submit to such pretended official authority or otherwise to act in reliance upon that pretense to his prejudice.

18 Pa. Cons. Stat. Ann. § 4912.

Although I am obligated at summary judgment to discredit Rogers' version of her conversation with Plaintiff, Sergeant Urban was not. Rodgers' disturbing account and the

7

Sergeant's affidavit each set out Plaintiff's attempt to convince the Hospital Security that he was a police officer. Each made out probable cause that Plaintiff violated § 4912. See id. at 790 n.8 (probable cause existed based on a "credible report from a school principal who witnessed the alleged crime"); Colbert, 169 F. Supp. 2d at 359-60 (probable cause existed where police officer responded to a call from a store employee about an assault and witnesses corroborated the employee's account).

Because the Sergeant acted on probable cause, Plaintiff's contention that the Sergeant failed to investigate sufficiently is beside the point. See Merkle, 211 F.3d at 790 n.8 (police officer "was not required to undertake an exhaustive investigation in order to validate the probable cause that, in his mind, already existed").

In sum, all Defendants are entitled to judgment in their favor with regard to Plaintiff's § 1983 false arrest claim.

### b. Section 1983 Malicious Prosecution

As I have discussed, Plaintiff cannot show that the Hospital Defendants are state actors or that the Abington Defendants seized him. Accordingly, I will dismiss this claim. See Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003) (plaintiff must prove, *inter alia*, he "suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding" at the hands of a state actor).

### c. Common Law Malicious Prosecution

Plaintiff must show that Defendants initiated the impersonation charge without probable cause and with malice. Perry v. Redner's Markets, Inc., No. 09-5645, 2013 WL 5467885, at *5 (E.D. Pa. Sept. 30, 2013). Once again, Defendants acted with probable cause. Moreover, Plaintiff cannot make out malice: there is no record evidence to support Plaintiff's bizarre

allegation that Defendants sought to punish him for attempting to expose "human sex trafficking" in Abington. (Compl. ¶¶ 11, 25.) Indeed, Plaintiff could not testify that any of the Defendants even knew of his purported attempts. (Baack Dep. 100-04.) In these circumstances, I will dismiss.

### d. Common Law False Arrest

As I have discussed, Plaintiff cannot show that he was arrested. As I have also discussed, the charge brought against him was supported by probable cause. Accordingly, I will dismiss this claim. See Manley v. Fitzgerald, 997 A.2d 1235, 1241 (Pa. Commw. Ct. 2010) (under Pennsylvania law, plaintiff must show he was arrested without probable cause or was otherwise unlawfully arrested).

### e. Negligence

Plaintiff alleges that the Hospital Defendants were negligent for failing to inform Sergeant Urban that Plaintiff was a patient and was seeking employment with the Hospital. (Doc. No. 33 at 13.) Plaintiff has not identified what "duty" the Hospital Defendants thus breached. Prosser on Torts § 30, at 146 (4th ed. 1971) (to prove negligence, plaintiff must show that the defendant breached a duty owed to the plaintiff). Moreover, Plaintiff has failed to show how this "failure" would have changed the decision to charge him with impersonating a public servant. See Hayes v. Easterday, 879 F. Supp. 2d 449, 452 (E.D. Pa. 2012) ("[A] plaintiff must establish that the defendant's conduct was the proximate cause . . . of the harm sustained."). In these circumstances, I will dismiss.

9

## V.     CONCLUSION

Because Plaintiff has provided no evidence to support his claims, I will grant Defendants' Motions in their entirety.

An appropriate Order follows.

*/s/ Paul S. Diamond*

September 17, 2014                                                              Paul S. Diamond, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALFRED BAACK,**                : | |
|     Plaintiff,              : | |
|                                  : | |
|     v.                      : | Civ. No. 14-875 |
|                                  : | |
| **MARIA RODGERS, et al.,**       : | |
|     Defendants.             : | |
|                                  : | |

**AND NOW**, this 17th day of September, 2014, upon consideration of Defendants' Motions for Summary Judgment (Doc. Nos. 25, 27), Plaintiff's Response in Opposition to Summary Judgment (Doc. No. 33), and all related filings, it is hereby **ORDERED** that the Abington Defendants' Motion for Summary Judgment (Doc. No. 25) and the Hospital Defendants' Motion for Summary Judgment (Doc. No. 27) are **GRANTED**.

                                       **AND IT IS SO ORDERED.**

                                       */s/ Paul S. Diamond*
                                       _____
                                       Paul S. Diamond, J.